IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILYARD, *et al.* | : CIVIL ACTION |
| | : |
| v. | : NO. 16-2986 |
| | : |
| DUSAK, *et al.* | : |

MEMORANDUM

KEARNEY, J.                                                                                             October 4, 2016

      Eugene Gilyard and Tyree Wells spent sixteen years in prison for an August 1995 murder until the state court vacated their 1998 convictions upon an alleged jailhouse confession by another man. The Commonwealth exonerated Messrs. Gilyard and Wells in June 2014. Messrs. Gilyard and Wells then sued the investigating police officers, the City of Philadelphia, and its former Police Commissioner Richard Neal seeking damages arising from the manner in which the City supervised, and individual investigating officers obtained, the 1998 murder conviction. Our only issue today is whether former Police Commissioner Neal is a proper defendant given the supervisory liability claims against the City and Plaintiffs' admission they presently lack information of personal involvement and cannot presently sue Commissioner Neal in his individual capacity. As we find the remaining official capacity claims against Commissioner Neal are entirely redundant regardless of arising in equity or under state law, we enter the accompanying Order dismissing former Commissioner Neal.

I.     **Analysis**

      Following oral argument on the City's and Commissioner Neal's motion to dismiss, we denied the City's motion to dismiss *Monell* supervisory liability claims but dismissed claims against Commissioner Neal in his individual capacity upon Messrs. Gilyard's and Wells'

consent.[1] Based on the oral argument, we ordered Messrs. Gilyard and Wells to show cause as to why we should not dismiss their remaining claims against Commissioner Neal in his official capacity.[2]

In response, Messrs. Gilyard and Wells proffer three reasons we should not dismiss their official capacity claims against Commissioner Neal. First, they seek only equitable relief against former Commissioner Neal in his official capacity, essentially using his title to bind conduct of present and future Commissioners who also work for the City. Second, even if we find the official capacity claims against Commissioner Neal duplicative, we should not dismiss them under Rule 12(b)(6). Finally, they argue their state law claims – as distinct from their federal 42 U.S.C. §1983 claims – should proceed against Commissioner Neal in his official capacity. While we do not dismiss Commissioner Neal under Rule 12(b)(6), we find Messrs. Gilyard's Wells' substantive arguments unpersuasive and exercise our inherent authority to avoid duplicative claims to dismiss Commissioner Neal on the only claims remaining against him.

### 1. Plaintiffs' argument regarding their claim for injunctive relief is misplaced.

Messrs. Gilyard and Wells concede claims against Commissioner Neal in his official capacity are duplicative of claims against the City.[3] They seek to depart from this well settled proposition by arguing their claims are for prospective injunctive relief against Commissioner Neal in his "official" position as Philadelphia Police Commissioner and are thus distinguishable, citing a footnote from the Supreme Court's decision in *Graham*: "[I]mplementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State."[4]

This footnote from *Graham* cites an earlier Supreme Court decision in *Ex parte Young*. Under that case, "a person seeking purely prospective relief ***against state officials*** for ongoing

2

violations of federal law may sue under the 'legal fiction' of *Ex parte Young*, . . . despite the text of the Eleventh Amendment."[5] Here, Messrs. Gilyard and Wells sue the City and Commissioner Neal, not the Commonwealth; "municipalities are considered 'persons' under section 1983 and, thus, can be sued directly for damages and prospective relief."[6] Their argument is misplaced.

### 2. We may strike redundant claims.

Messrs. Gilyard and Wells next argue even if their claims against Commissioner Neal are duplicative, we need not dismiss them. We disagree. In *Lopez v. Maczko*, Judge Stengel dismissed prospective equitable claims against a police commissioner as redundant.[7] In *Thomas v. City of Chester*, Judge DuBois recently dismissed the official capacity claims against police officers sued in their official capacities finding "the official capacity claims require plaintiff to plead and prove the same elements as the *Monell* claim and provide plaintiff with the same potential relief."[8] In *Moore v. City of Philadelphia*, Judge Baylson addressed different approaches in the Western District of Pennsylvania and where there are both individual and official capacity claims.[9] Judge Baylson then held, as we do now, dismissal of official capacity claims is proper where the City is "also a defendant to the same claims, because the official capacity claims are essentially against the government entity, since the official is sued as an agent of the entity."[10] We agree with this reasoning. The claim against the employee is entirely redundant and must be dismissed when, as here: the claim is against a local government employee; based on his official capacity under *Monell*; and, the plaintiff also seeks a remedy, regardless of whether at law or in equity, against the local government.

Messrs. Gilyard and Wells cite two cases from this District where Judges Rufe and Pappert declined to dismiss official capacity suits as redundant of the *Monell* claims against the municipal defendant.[11] In *Conner*, the court denied the defendants' Rule 12(b)(6) motion, finding

3

"a claim that is redundant is not necessarily invalid."[12] Significantly, Judge Pappert in *Conner* noted "it is unclear whether Conner is suing the Council Defendants in their official capacities, their individual capacities, or both."[13] Similarly, in *Capresecco*, Judge Rufe denied the Rule 12(b)(6) motion because plaintiffs sued two of the municipal defendants in their individual as well as official capacities.[14]

Messrs. Gilyard and Wells clarified at oral argument they are not bringing claims against Commissioner Neal in his individual capacity. Plaintiffs' experienced counsel made this representation in response to the City's motion to dismiss the Complaint for failing to allege personal involvement as required by our Court of Appeals in *Rode v. Dellarciprete*[15] sufficient to state a claim against Commissioner Neal in his individual capacity. Given Messrs. Gilyard's and Wells' disavowal of individual capacity claims against Commissioner Neal, we decline to follow *Conner* and *Capresecco* "because the official capacity claims require [Plaintiffs] to plead and prove the same elements as the *Monell* claim and provide [them] with the same potential relief."[16] Following *Thomas* and *Moore*, we exercise our "inherent authority to 'manage [our] own affairs as to achieve the orderly and expeditious disposition of cases.'"[17]

### 3. Plaintiffs' state law claims are also redundant.

Messrs. Gilyard and Wells seek to preserve their state law claims against Commissioner Neal arguing the Supreme Court and our Court of Appeals have never distinguished between individual and official capacity as to state law claims. Plaintiffs argue the case law regarding official capacity claims brought under state law is "scant," asserting "this court recently noticed approvingly while Section 1983 draws a distinction between suits against individuals in their individual versus official capacities, the Supreme Court and Third Circuit have never created a similar distinction for state law claims.'"[18]

We find Messrs. Gilyard's and Wells' reliance on *Bradley* misplaced. In *Bradley*, the court addressed defendants' motion to dismiss plaintiff's §1983 claims of deprivation of her First Amendment rights and state law claims under Pennsylvania's Whistleblower Law and common law. There, Plaintiff Bradley brought claims against Defendants West Chester University and individual University defendants in their individual capacities.

The court first dismissed Bradley's §1983 claims against all but one of the individual defendants in their individual capacity based on *Rode v. Dellarciprete*. Having dismissed Bradley's claims against all but one of the individual defendants, the court addressed whether it could hear Pennsylvania Whistleblower claims in light of the state's immunity under the Eleventh Amendment. After analysis, the court concluded it lacked jurisdiction to hear Bradley's claims under the Whistleblower Law and dismissed those claims.[19] Similarly, the court declined to exercise supplemental jurisdiction over Bradley's Pennsylvania common law claims against all dismissed defendants.[20]

Messrs. Gilyard and Wells, relying on *Bradley*, suggest we "not dismiss the official capacity elements of the state law claims over which [we have] asserted supplemental jurisdiction." We decline to do so. *Bradley* does not support Plaintiffs' position. First, the court there ***dismissed*** the statutory and common law claims and ***declined*** to exercise jurisdiction over the common law claims as to all but one of the individual defendants dismissed from the §1983 claims.[21] Second, there were no claims asserted against any individual defendant in their official capacity. The court never addressed whether official capacity claims as to state law could proceed. In fact, the court declined to exercise supplemental jurisdiction over the state law claims because the court dismissed Bradley's §1983 claims against the individual defendants in their individual capacity. Messrs. Gilyard and Wells offer no persuasive authority allowing

5

"official capacity" state law claims when they are also suing the local government.

## II. Conclusion

Absent individual claims against Commissioner Neal and, after notice, finding the "official capacity" claims are redundant, we dismiss Commissioner Neal in the accompanying Order.

---

[1] *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978).

[2] ECF Doc. No. 12.

[3] *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell,* ... local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167 n. 14.

[4] *Id.,* at 167 n.14 (citing *Ex parte Young,* 209 U.S. 123 (1908)).

[5] *Koslow v. Commonwealth of Pennsylvania,* 302 F.3d 161, 168 (3d Cir. 2002) (citing *Alden v. Maine,* 527 U.S. 706, 757 (1999)) (emphasis added). In permitting the plaintiff's federal ADA claims for prospective injunctive relief to proceed against a **state official** acting in his official capacity, our Court of Appeals explained: "The principle which emerges from *Young* and its progeny is that a state official sued in his official capacity for prospective injunctive relief is a person within section 1983, and the Eleventh Amendment does not bar such a suit." *Id.* at 179 (quoting *Hindes v. FDIC,* 137 F.3d 148, 165 (3d Cir. 1998)). Here, we have no claim against a state official allowing us to apply reasoning from *Ex parte Young.*

[6] *Lopez v. Maczko,* No. 07-1382, 2007 WL 2461709, at *7 (E.D.Pa. Aug. 16, 2007) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70-711 (1989); *Monell,* 436 U.S. at 694) (footnote omitted).

[7] *Lopez,* at *7.

[8] *Thomas v. City of Chester,* No. 15-3955, 2016 WL 1106900, at *2 (E.D.Pa. Mar. 21, 2016).

[9] *Moore v. City of Philadelphia,* No. 14-133, 2014 WL 859322, at * 3 (E.D.Pa. Mar. 5, 2014).

[10] *Id.* (citing *Snell v. City of York,* 564 F.3d 659 (3d Cir. 2009); *Crane v. Cumberland County,* 64 F.App'x 838 (3d Cir. 2003)).

[11] *Conner v. Borough of Eddystone,* No. 14-133, 2014 WL 859322 (E.D. Pa. Mar. 6, 2015); *Capresecco v. Jenkintown Borough,* 261 F. Supp. 2d 319 (E.D. Pa. 2003).

[12] *Conner*, at * 2 (quoting *Crighton v. Schuylkill Cnty.*, 882 F.Supp. 411, 415 (E.D. Pa. 1995)).

[13] *Id.*, at *2, n.2.

[14] *Capresecco*, 261 F.Supp. 2d at 322 (citing *Coffman v. Wilson Police Dept.*, 739 F.Supp. 257 (E.D. Pa. 1990)). In declining to dismiss the official capacity claims against the Defendants Borough Manager and former Police Chief, the court found: "Here, both Rickard and Geissler also must answer charges against them in their individual capacities, and so dismissing the official capacity claims against them will serve no laudable purpose." *Id.*

[15] 845 F.2d 1195, 1207 (3d Cir. 1988).

[16] *Thomas*, 2016 WL 1106900 at *2 citing *Moore*, 2014 WL 859322 at *3 (reviewing cases dismissing official capacity claims as redundant and dismissing redundant official capacity claims based on court's inherent authority to "achieve the orderly and expeditious disposition of cases").

[17] *Moore*, 2014 WL 859322 at * 3 (quoting *Link v. Wabash R.Co.*, 370 U.S. 626-630-31 (1962)).

[18] Plaintiffs' Memorandum at 3 (ECF Doc. No. 17), citing *Bradley v. West Chester Univ.*, No. 15-2681, 2016 WL 1578776, at * 4 (E.D. Pa. Apr. 19, 2016).

[19] *Bradley,* 2016 WL 1578776 at *5.

[20] *Id.*

[21] *Id.*