# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EUGENE GILYARD, *et al.* | : CIVIL ACTION |
|---|---|
| v. | : NO. 16-2986 |
| DENNIS DUSAK, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                    **June 15, 2018**

Lance Felder and Eugene Gilyard ask us to reconsider our May 8, 2018 Order granting qualified immunity to the Defendant Detectives for a Fifth Amendment *Brady* claim and Fourteenth Amendment due process claim and limiting the *Monell* municipal liability claims to "challenging the Philadelphia Police's policy, training, and supervising of officers' obligations to include exculpatory evidence in affidavits of probable cause."[1]

We deny their request to reconsider our legal conclusions as they offer no new law or facts. But Messrs. Felder and Gilyard also ask us to reconsider whether they can proceed on a Fourteenth Amendment fabrication of evidence claim. Nobody mentioned dismissing this claim against the Detectives before this reconsideration request. The Detectives argue Messrs. Felder and Gilyard never raised a Fourteenth Amendment fabrication of evidence claim and are now attempting to insert one through a motion to reconsider. Upon study, we find the Detectives and City never moved to dismiss this arguably plead claim. The Detectives missed it. We cannot dismiss this claim under our present standard of review, qualified immunity does not apply, and disputed facts relating to the statute of limitations require a jury trial. We grant Messrs. Felder's and Gilyard's motion in part and reconsider only to allow them to also proceed to trial on a plead Fourteenth Amendment claim for fabrication of evidence.

**I.       Background**

The convoluted and somewhat confusing history of this case largely created by Messrs. Felder's and Gilyard's lawyer's often garbled briefing and arguments requires we review Messrs. Felder and Gilyard's written pleadings, motions, responses, and oral argument transcripts to determine whether they ever raised a Fourteenth Amendment fabrication of evidence claim. We will then address their other arguments, none of which are meritorious.

In August 1995, two men shot and killed Thomas Keal in Philadelphia. In December 1997, Detectives Dusak and Benham investigated the cold case and in January 1998, swore an affidavit of probable cause against Messrs. Felder and Gilyard. The District Attorney prosecuted them and the jury convicted them of murder and sentenced them to prison. In October 2013, a state court judge vacated their convictions and sentences based on another person's confessing to murdering Mr. Keal. In June 2014, the District Attorney declined to re-try them and, instead *nolle prossed* the charges against Messrs. Felder and Gilyard.

In August 2016, Messrs. Felder and Gilyard sued Detective Dennis Dusak, Detective John Benham, and the City of Philadelphia, among other parties.[2] In their first cause of action, they alleged "Federal Constitutional Claims" against Detectives Dusak and Benham.[3] This broadly-worded claim creates today's issues. In this broadly-worded section, Messrs. Felder and Gilyard allege Detectives Dusak and Benham violated their Fourth, Fifth, and Fourteenth Amendment rights by coercing a witness into identifying Messrs. Felder and Gilyard, fabricating the identification of another witness, relying on another witness's uncertain line up identification, and using flawed witness identification techniques "in order to assert probable cause and obtain arrest warrants" for Messrs. Felder and Gilyard.[4] Messrs. Felder and Gilyard also allege the Detectives violated their Fourth, Fifth, and Fourteenth Amendment rights by failing the further

2

investigate exonerating witnesses' statements, failing to record exonerating statements by other witnesses, and failing to turn this information over to counsel or the District Attorney.[5] We count seven specific alleged acts giving rise to the broadly-worded "constitutional claims."

On May 26, 2017, Detectives Dusak, Benham, and Wynn moved for summary judgment on Messrs. Felder and Gilyard's complaint arguing they failed to adduce evidence of a Fourth Amendment malicious prosecution claim.[6] The Detectives did not move for summary judgment on claims under the Fifth or Fourteenth Amendments. The City of Philadelphia also moved for summary judgment on the *Monell* claim against it arguing Messrs. Felder and Gilyard failed to adduced evidence to support municipal liability on any claim.[7]

Messrs. Felder and Gilyard opposed the summary judgment motion (as presented) arguing they adduced evidence of a Fourth Amendment malicious prosecution against the Detectives. They also argued they adduced evidence of a *Monell* claim against the City. They argued the Detectives "fail[ed] to assure probable cause" in the affidavit when they coerced Mr. William's identification and failed to include Ms. Keal's criminal conviction against them and the City is liable for these violations because "Commissioner Neal failed to train City police officers in the legal requirements of constitutionally valid affidavits of probable cause, and by continuing to implement Directive 139, actually gave them misleading and unconstitutional guidance on what satisfies probable cause requirements."[8] They never argued adducing evidence of an additional *Monell* claim under the Fourteenth Amendment based on the Detectives' use of fabricated evidence.

We held oral argument on June 14, 2017 on several pending motions, including the motions for summary judgment and Messrs. Felder and Gilyard's motion to amend the complaint. We asked Messrs. Felder and Gilyard if they were focusing on "§ 1983, malicious

3

prosecution and *Monell*" and their counsel responded "correct."[9] Counsel for the Detectives and City then raised "as a point of clarification" it seemed Messrs. Felder and Gilyard raised a *Brady* claim in their response.[10] The parties then argued malicious prosecution and *Brady* violations, including Messrs. Felder and Gilyard's counsel arguing constitutional violations based on post-arrest conduct.[11] At the end of the hearing, we clarified Messrs. Felder and Gilyard have a claim "against [Detective] Dusak for – for a 1983 malicious prosecution, against [Detective] Benham for a 1983 malicious prosecution, against [Detective] Wynn for a malicious prosecution, against the City for *Monell* … and that's it, am I right?"[12] Counsel responded "Yes, sir."[13]

On the same day the City and the Detectives moved for summary judgment, Messrs. Felder and Gilyard moved to amend their complaint because during discovery the City of Philadelphia produced its policy for how to determine if probable cause existed and how to prepare an affidavit of probable cause.[14] They moved to amend to include allegations regarding the City's policy and based on Detective Dusak's testifying about this policy and affidavits for probable cause.[15] At oral argument, we first asked the City about its decision to oppose the preliminary injunction but not oppose the motion to amend.[16] The City represented "the majority of facts" in the new allegations were addressed in the summary judgment motions and it did not object to Messrs. Felder and Gilyard adding a request for declaratory relief regarding the City's probable cause policy.[17]

We told Messrs. Felder and Gilyard we would give them leave to amend their complaint for declaratory relief regarding the City's probable cause policy.[18] We told counsel we would issue an order to allow Messrs. Felder and Gilyard to amend their complaint but we would "take out the injunction and … add a claim for declaratory relief, rather than calling it an injunction."[19]

4

We confirmed our oral ruling in a June 14, 2017 Order granting Messrs. Felder and Gilyard's unopposed motion to amend "solely to conform to the adduced evidence relating to a claim for declaratory relief relating to alleged unconstitutional probable cause directives and policies and not for injunctive relief as such claim is futile at this stage."[20] Messrs. Felder and Gilyard did not object to our limitation. They then filed their Second Amended Complaint and its first cause of action for "Federal Constitutional Claims" is identical to their first complaint's allegations under the Fourth, Fifth, and Fourteenth Amendments.[21]

We then granted in part and denied in part the Detectives and the City's motion for summary judgment. We denied Detectives Dusak and Benham's motion on Messrs. Felder and Gilyard's § 1983 Fourth Amendment malicious prosecution claims but granted Detective Wynn's motion on the same claim. We also denied the City's motion because Messrs. Felder and Gilyard adduced evidence of *Monell* municipal liability relating to the Philadelphia Police's policy, training, and supervising of officers' obligations to include exculpatory evidence in affidavits of probable cause. In a footnote, we specifically noted Messrs. Felder and Gilyard only alleged a *Monell* claim based on probable cause and did not argue "*Monell* theories relating to their claims the Detectives fabricated evidence and coerced witnesses."[22] Messrs. Felder and Gilyard waived the right to proceed on additional theories of *Monell* liability against the City by failing to raise them at summary judgment, particularly where the allegations underpinning their Fourteenth Amendment violations were not new to their Second Amended Complaint but alleged identically in their first Complaint.

The City and the Detectives then moved *in limine* to preclude evidence of Messrs. Gilyard's and Felder's incarcerations because the Fourth Amendment does not apply to post-conviction seizure and the jury cannot award them damages for post-conviction injuries under

5

the Fourth Amendment.[23] In effect, Messrs. Felder and Gilyard may recover for damages caused by the conviction but the jury could not award damages for the years spent in jail. Messrs. Felder and Gilyard argue they raised a *Brady*[24] claim under the Fifth Amendment and Fourteenth Amendment due process claim which allows them to be awarded damages until their exoneration.[25]

We denied the Detectives and City's motion *in limine* because while Messrs. Felder and Gilyard's damages for their Fourth Amendment malicious prosecution claim are limited to the date of their conviction, the evidence of their exoneration and *nolle pros* is relevant to prove their malicious prosecution claim.[26] We noted the Detectives and the City did not move for summary judgment based on Messrs. Felder and Gilyard's allegation the Detectives violated their Fifth and Fourteenth Amendment rights and ruled they could attempt to adduce evidence to support those claims at trial.[27] And we noted, by example, our court of appeals allows a stand-alone § 1983 claim under the Fourteenth Amendment where a criminal defendant is convicted at trial using fabricated evidence in *Halsey v. Pfeiffer*.[28]

On July 24, 2017, eleven days before our initial long-scheduled trial date, the City and Detectives moved for judgment on the pleadings arguing Messrs. Felder and Gilyard failed to specify their claims and "vaguely asserted" a *Brady* and Fourteenth Amendment due process claims.[29] We denied the motion because the City and Detectives did not move "early enough not to delay trial."[30]

The City and the Detectives appealed our denial of qualified immunity at summary judgment and our denial on the judgment of the pleadings. Before our court of appeals heard or decided the appeal, the parties stipulated the City and Detectives would withdraw their interlocutory appeal.[31] The parties requested we vacate our denial on the City and Detectives'

judgment on the pleadings on procedural grounds and instead allow the parties to fully brief the judgment on the pleadings on the Fifth and Fourteenth Amendment claims and rule substantively.[32]

In opposing the judgment on the pleadings, Messrs. Felder and Gilyard argued they alleged a *Brady* claim and "to the extent [they] are bringing a procedural due process claim" it should not fail.[33] They specifically explain their counsel's statement at oral argument of only pursuing a § 1983 malicious prosecution claim against the Detectives by claiming counsel understood "malicious prosecution may embody due process violations used during trial to pursue and obtain conviction."[34] They further argued violations of other constitutional amendments besides the Fourth Amendment "can be asserted in a malicious prosecution claim."[35] They also argue qualified immunity does not protect Detectives Dusak and Benham and their claims are not barred by the statute of limitations. Nowhere did they specifically argue they have a stand-alone claim for fabrication of evidence under the Fourteenth Amendment but they do argue the fabricated and coerced identification and testimony from Mr. Williams violated their Fourteenth Amendment right to due process.

At oral argument on the renewed motion for judgment on the pleadings, Messrs. Felder and Gilyard's counsel argued they plead a *Brady* claim and "still have our malicious prosecution theory…"[36] Counsel again did not make clear Messrs. Felder and Gilyard raised a fabrication of evidence claim under the Fourteenth Amendment. At briefing and oral argument, Messrs. Felder and Gilyard repeatedly argued they alleged a malicious prosecution claim under the due process clause of the Fourteenth Amendment and a *Brady* claim under the Fifth Amendment. We granted the Detectives and the City judgment on the pleadings finding qualified immunity barred

7

those claims because neither constitutional right was clearly established in late 1997- early 1998, the time of the alleged violations.

## II. Analysis

Messrs. Felder and Gilyard seek reconsideration arguing they also pleaded a fabrication of evidence claim under the Fourteenth Amendment in their Second Amended Complaint and we failed to address it in our May 8, 2018 Memorandum. They also argue we misapplied the "plausibility" standard by ruling on the legal issue of qualified immunity. Messrs. Felder and Gilyard request we reconsider our limiting of their *Monell* claim because they plausibly alleged they suffered a constitutional violation when the Detectives coerced a witness into identifying them and the City failed to "train its officers in coercion in interviews and interrogations."[37] Messrs. Felder and Gilyard also ask us to reconsider denying their motion to amend and request we grant them leave to file their attached draft Third Amended Complaint.

We may only alter or amend our ruling if Messrs. Felder and Gilyard "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of fact or to prevent manifest injustice."[38] "Because of [our] interest in the finality of judgments, motions for reconsideration 'should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by [us].'"[39]

8

### A. Messrs. Felder and Gilyard plausibly allege a Fourteenth Amendment fabrication of evidence claim.

The parties dispute whether Messrs. Felder and Gilyard ever raised a fabrication of evidence claim under the Fourteenth Amendment or, if they did, whether they thereafter waived it.

Fortunately, we have a written record in the filings. They alleged facts supporting their fabrication of evidence claim in their first June 14, 2016 complaint. Messrs. Felder and Gilyard allege Detectives Dusak and Benham physically and verbally coerced him into identifying Mr. Felder as the man he saw running the night of Thomas Keal's murder.[40] They also allege Mr. Harris could not identify anyone as the men he saw the night of the murder and Detective Dusak fabricated Mr. Harris's identification of Mr. Gilyard as the man he saw that night.[41] Their "Federal Constitutional Claims" section reference these allegations as violating their Fourteenth Amendment rights.

What happened with those allegations and Fourteenth Amendment claims is confused and complicated likely because Messrs. Felder and Gilyard failed to plead their constitutional claims under the Fourth, Fifth, and Fourteenth Amendments with clarity and name their specific claims.

At summary judgment, the Detectives and the City noted Messrs. Felder and Gilyard do not "articulate the theory of liability" and then chose to "assume[] that the crux" of their case is Fourth Amendment malicious prosecution.[42] They did not move on Messrs. Felder and Gilyard's Fifth and Fourteenth Amendment claims and as a result, we only addressed a Fourth Amendment malicious prosecution claim. Their choice. We did not review this fabrication of evidence claim before today.

9

The Detectives and the City focus much of their present opposition on whether Messrs. Felder and Gilyard waived this fabrication of evidence claim under the Fifth and Fourteenth Amendment at our June 14, 2017 oral argument. We did not question Messrs. Felder and Gilyard's counsel on claims not before us. We did not discuss a knowing waiver of claims the Detectives and the City did move for summary judgment on. Our understanding is confirmed in our motion *in limine* order allowing Messrs. Felder and Gilyard to proceed at trial on their Fifth and Fourteenth Amendment claims because the Detectives and City did not move for summary judgment on those claims.[43] The City and Detectives then moved for judgment on the pleadings arguing Messrs. Felder and Gilyard's undefined Fifth and Fourteenth Amendment due process claims and possible *Brady* claim fail as a matter of law. The Detectives and the City appealed we denied the motion on procedural grounds.

We revisited the motion for judgment on the pleadings after the parties stipulated to withdraw the appeal. In our ruling, we understood Messrs. Felder and Gilyard based their Fourteenth Amendment claim on a malicious prosecution theory based on their references to malicious prosecution in their brief and at oral argument.[44] But no one mentioned the fabrication of evidence claim.

While Messrs. Felder and Gilyard did not clearly annunciate they brought a stand-alone fabrication of evidence under the Fourteenth Amendment, they did argue the use of Mr. Williams's coerced testimony at trial violated their Fourteenth Amendment rights. In their brief, they also relied on our court of appeals' decision in *Halsey* to support their Fourteenth Amendment claims. They rely on sections of *Halsey* addressing two types of Fourteenth Amendment claims, malicious prosecution and fabrication of evidence. In *Halsey*, our court of appeals noted the plaintiff's withdraw of his Fourteenth Amendment malicious prosecution

10

claim "obviate[ed] the need" for it to decide the "viability" of a Fourteenth Amendment malicious prosecution claim.[45]

In the very same section of its opinion, however, our court of appeals in *Halsey* recognizes a stand-alone claim under the Fourteenth Amendment for fabrication of evidence "if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted."[46] The court went on to instruct district courts "a witness's misidentification should not be regarded as a fabrication in the absence of persuasive evidence supporting a conclusion that the proponents of the evidence were aware that the identification was incorrect, and thus, in effect, offered the evidence in bad faith."[47] The court of appeals then held qualified immunity did not apply because this constitutional right was clearly established in 1985.[48]

At this Rule 12 motion stage, we must assume the truth of Messrs. Felder and Gilyard's allegations Detectives Dusak and Benham physically and verbally coerced Mr. Williams into identifying Mr. Felder as the shooter. Taking all inferences in their favor, we also assume without Mr. Williams's coerced identification there is a reasonable likelihood Messrs. Felder and Gilyard would not have been convicted. Because we must take their allegation as true now, the Detectives physically and verbally coerced Mr. Williams into making an identification then used the coerced identification in trial. These allegations satisfy our court of appeals' threshold in *Halsey* of "persuasive evidence supporting a conclusion that the proponents of the evidence were aware that the identification was incorrect, and thus, in effect, offered the evidence in bad faith" for a witness's misidentification to support a fabrication of evidence claim.[49] Based on these allegations occurring in 1997-1998, Detectives Dusak and Benham are also not entitled to

qualified immunity because our court of appeals held this right was clearly established before 1985.[50]

We grant Messrs. Felder and Gilyard's motion to reconsider only as to whether they alleged a Fourteenth Amendment stand-alone claim for fabrication of evidence because they arguably raised this claim in their response by relying on the use of Mr. Williams's coerced identification at trial and our court of appeals' decision in *Halsey*. We overlooked analyzing this claim in our May 8, 2018 Memorandum. Because of the deferential standard to Messrs. Felder and Gilyard at this stage, we reconsider and find they plausibly allege a stand-alone fabrication of evidence claim under the Fourteenth Amendment against Detectives Dusak and Benham.

The Detectives argue, even if Messrs. Felder and Gilyard plausibly allege a fabrication of evidence claim, their claim is barred by the statute of limitations because their claim accrued when the PCRA Court overturned their conviction on October 8, 2013, more than two years before they sued on June 14, 2016. Messrs. Felder and Gilyard argue the discovery rule applies because their claim did not accrue until Mr. Williams gave his statement in April 2016 alerting them to the use of fabricated evidence at their trial.

Our court of appeals instructs we may on dismiss a complaint "for failure to state a claim on the statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."[51] Where a party seeks equitable tolling under the discovery rule, our court of appeals instructs "because the question of whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on the Rule 12(b)(6) motion."[52]

The discovery of this issue is a fact question and a credibility determination as to when Messrs. Felder and Gilyard should have discovered their injury, the use of fabricated evidence

12

(the coerced identification and testimony of Mr. Williams) at trial and if they brought their claim within two years of the date they should have discovered their injury.

### B. We do not reconsider our ruling on qualified immunity as to their *Brady* claim and Fourteenth Amendment malicious prosecution.

Messrs. Felder and Gilyard ask us to reconsider our finding qualified immunity barred their *Brady* claim and Fourteenth Amendment malicious prosecution claim because we misapplied the "plausibility" standard by ruling on the legal issue of qualified immunity. The Supreme Court directs "any claim of qualified immunity must be resolved at the earliest possible stage of litigation."[53] We deny their motion to reconsider because applying the plausibility standard and accepting Messrs. Felder and Gilyard's allegations as true, the Detectives are entitled to qualified immunity for these two claims. We have no grounds to reconsider.

### C. We do not reconsider our ruling on Messrs. Felder and Gilyard's *Monell* claim and deny their request to amend the complaint.

Messrs. Felder and Gilyard request we reconsider our limiting of their *Monell* claim because they plausibly alleged they suffered a constitutional violation when the Detectives coerced a witness into identifying them and the City of Philadelphia failed to "train its officers in coercion in interviews and interrogations."[54] Messrs. Felder and Gilyard also request we reconsider our denial of their motion to amend the complaint.

Messrs. Felder and Gilyard attempt to expand their *Monell* claim to include liability for the City's failure to "train its officers in coercion in interviews and interrogations." Messrs. Felder and Gilyard waived their right to pursue yet another factual theory of liability under *Monell* when they failed to raise those arguments at summary judgment in response to the City's motion for judgment on all *Monell* claims.[55] The City moved for summary judgment on all *Monell* liability against it and to be dismissed from the case. At this stage, Messrs. Felder and

13

Gilyard had to raise all factual theories supporting *Monell* liability and there is no reason they could not.

While Messrs. Felder and Gilyard attempt to argue these facts showed up in discovery, their complaint admits otherwise. They alleged fabrication out of whole cloth one witness's identification and coercing another witness's identification in their complaint since day one. By summary judgment, they also had already taken the depositions they rely on for support of this *Monell* claim.[56]

Recognizing the need for clarity on the remaining *Monell* theory, we specifically noted Messrs. Felder and Gilyard only alleged a *Monell* claim based on probable cause discussed in our Memorandum and did not argue "*Monell* theories relating to their claims the Detectives fabricated evidence and coerced witnesses."[57] Messrs. Felder and Gilyard unequivocally waived the right to proceed on additional theories of *Monell* liability against the City by failing to raise them at summary judgment, particularly where the allegations underpinning their Fourteenth Amendment violations were not new to their Second Amended Complaint but alleged identically in their first Complaint.

For the same reasons, we deny Messrs. Felder and Gilyard's motion to again amend their complaint because they waived their right to pursue additional *Monell* claims by failing to raise them at summary judgment where the allegations existed in their first complaint and they had the evidence to support their claims before moving to amend their complaint in May 2017 and responding to summary judgment in June 2017.

**III.    Conclusion**

We grant Messrs. Felder and Gilyard's motion to reconsider as to a Fourteenth Amendment claim for fabrication of evidence which may proceed to trial and be reviewed on a

14

Rule 50 standard. We deny Messrs. Felder and Gilyard's request to reconsider our ruling on qualified immunity, limiting their *Monell* claim to the contours of our June 29, 2017 summary judgment Memorandum and Order, and deny their request to again amend the complaint because they do not identify a clear error of fact or law in our Orders.

---

[1] ECF Doc. No. 149.

[2] They also sued Detective Wynn and Richard Neal. We dismissed both.

[3] ECF Doc. No. 1 at 15.

[4] ECF Doc. No. 1, ¶¶ 97-100.

[5] *Id.* ¶¶ 101-102.

[6] They also moved for summary judgment on Messrs. Gilyard and Felder's Pennsylvania state law claims. Messrs. Gilyard and Felder withdrew these claims.

[7] ECF Doc. No. 68 at 22.

[8] ECF Doc. No. 76-1 at 18.

[9] Motion Hearing, N.T. June 13, 2017 at p. 28.

[10] *Id.* at p. 29:7-8.

[11] *See id.* at 42:12-17.

[12] *Id.*

[13] *Id.* at p. 68:21.

[14] ECF Doc. No. 67 at 1-3.

[15] *Id.*

[16] N.T. June 13, 2017, p. 17.

[17] *Id.* at pp. 17-18.

[18] *Id.* at p. 26.

[19] *Id.* at p. 75:1-5.

[20] ECF Doc. No. 81.

[21] ECF Doc. No. 85, ¶¶ 140-153.

[22] ECF Doc. No. 91, at 30 fn. 157.

[23] ECF Doc. No. 101.

[24] *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held a criminal defendant's due process rights are violated when the government fails to turn over evidence favorable to the defendant.

[25] ECF Doc. No. 110.

[26] ECF Doc. No. 118.

[27] *Id.*

[28] 750 F.3d 273, 294 (3d Cir. 2014).

[29] ECF Doc. No. 113 at 4.

[30] ECF Doc. No. 116.

[31] ECF Doc. No. 137.

[32] *Id.*

[33] ECF Doc. No. 140 at 4.

[34] *Id.* at 5.

[35] *Id.* at 6.

[36] N.T. May 4, 2018, p. 31:9-10.

[37] ECF Doc. No. 151 at 18.

[38] *Max's Seafood Café ex. rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

[39] *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (quoting *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) and *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

[40] ECF Doc. No. 1, ¶¶ 26-30.

[41] *Id.* ¶¶ 35-38.

[42] ECF Doc. No. 68 at 5.

[43] ECF Doc. No. 118.

[44] In their brief, Messrs. Felder and Gilyard recite they "argued counsel understood "malicious prosecution may embody due process violations used during trial to pursue and obtain conviction." ECF Doc. No. 140 at 5. They also argued violations of other constitutional amendments besides the Fourth Amendment "can be asserted in a malicious prosecution claim." *Id.* at 6. At oral argument, Messrs. Felder and Gilyard's counsel argued they plead a *Brady* claim and "still have our malicious prosecution theory…"

[45] *Halsey*, 750 F.3d 273, 290 n.14.

[46] *Id.* at 294.

[47] *Id.*

[48] *Id.* at 296.

[49] *Id.* at 294.

[50] *Id.* at 296.

[51] *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

[52] *In re Community Bank of Northern Virginia*, 622 F.3d 275, 302-03 (3d Cir. 2010) (internal citations omitted). While both court of appeals case reference 12(b)(6) motions, their holdings are equally applicable to 12(c) judgment on the pleadings because "[a] motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revell v. Port Auth. of NY, NJ*, 598 F.3d 128, 134 (3d Cir. 2010)).

[53] *Miller v. Clinton County*, 544 F.3d 542, 547 (3d Cir. 2008) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

[54] ECF Doc. No. 151 at 18.

[55] *Id.*

[56] *See* Plaintiffs' Motion for Reconsider (ECF Doc. No. 151) citing Dennis Dusak's deposition taken March 20, 2017, John Benham Deposition taken March 24, 2017, and the Rule 30(b)(6) deposition take May 16, 2017. Defendants moved for summary judgment on May 25, 2017 and Plaintiffs responded on June 9, 2017.

[57] ECF Doc. No. 91, at 30, n. 157.